JS 44 (Rev. 12/07) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
JAMES POSTIGLIONE ET AL.

**DEFENDANTS**
CROSSMARK, INC.

**(b)** County of Residence of First Listed Plaintiff  Philadelphia, Co., PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Collins, Co., TX
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
SEE ATTACHED

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. §§ 201 et seq.
Brief description of cause:
collective action under the Fair Labor Standards Act for unpaid overtime

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ IN EXCESS OF $150,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE
DOCKET NUMBER

DATE 02/09/2011
SIGNATURE OF ATTORNEY OF RECORD
Rob A Penel

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

ATTORNEYS FOR THE PLAINTIFF

POSTIGLIONE ET AL., V. CROSSMARK INC.

EASTERN DISTRICT OF PENNSYLVANIA

FEBRUARY 9, 2011

Ralph A. Powell, Esquire

RALPH A. POWELL, PC

1900 Knight Circle

Yardley, PA 19067

(215) 439-7781

rapowell-law@comcast.net

Attorney for Plaintiffs


Richard P. Myers, Esquire

PAUL REICH AND MYERS, PC

Suite 500 1608 Walnut Street,

Philadelphia, PA  19103

(215) 735-9200

rmyers@prmpclaw.com

Attorney for Plaintiffs

Ralph A. Powell, Esquire
RALPH A. POWELL, PC
1900 Knight Circle
Yardley, PA 19067
(215) 439-7781
rapowell-law@comcast.net
Attorney for Plaintiffs

Richard P. Myers, Esquire
PAUL REICH AND MYERS, PC
Suite 500 1608 Walnut Street,
Philadelphia, PA  19103
(215) 735-9200
rmyers@prmpclaw.com
Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES POSTIGLIONE, LINDA SCHRUEFER, DONNA NIX, PATTI RAWSON, TAMMY TRUEX, BRITTANY DELAVERGNE, ERIC BONAPARTE, JAMES SIMMONDS, SHERRIE WHITE, BRIAN SALTER, DEBBIE STEARNS, CHARLES JAMES, THOMAS HEMMER, JENNIFER HUNT, ELIZABETH ROBINSON, PAMELA HOLBERG, TAMARA MOORE, JERRY SMITH, JOSE AYBER, STEVEN COLTON, AL GALLION, MARIA MATILDE REYES, PATRICIA BETTGER, JEANNE MARIE BRUNOZZI, SUE SPORER, SIOBHAN MORIS, THOMAS GONZALEZ, ANNELISE GUILLEN, LISA GOMLEY, VICKIE MCKENTY, TERESA RISLEY on behalf of themselves and all others similarly situated, | CIVIL ACTION<br><br>No.<br><br><br>COMPLAINT |
| Plaintiffs<br>v.<br>CROSSMARK, INC., A corporation,<br><br>Defendants. | JURY TRIAL DEMANDED |

1

Plaintiffs, through their attorneys, Ralph A. Powell and Richard P. Myers, hereby file this Complaint against defendant Crossmark Inc., ("CROSSMARK" or "Defendant"), on behalf of themselves and all others similarly situated, pursuant to Section 216(b) of the *Fair Labor Standards Act* ("FLSA" or "the Act"), and for their cause of action state as follows:

## THE PARTIES - PLAINTIFFS

1. Plaintiff Jose Aybar (AYBAR) is a citizen of the State of Florida, who resides at 10833 N.W. 7th Street, Apartment 12, Miami, Florida.  AYBAR was employed by CROSSMARK as an hourly-paid Retail Representative in Florida from 2005 through 2008.

2. Plaintiff Patricia Bettger (BETTGER) is a citizen of the Commonwealth of Pennsylvania, who resides at 4185 Kittatinny Drive, Mechanicsburg, PA.  BETTGER was employed by CROSSMARK as an hourly-paid Retail Representative in Pennsylvania from 1999 through 2011.

3. Plaintiff Eric Bonaparte (BONAPARTE) , is an individual citizen of State of Florida, who resides in Fort Pierce, FL.  BONAPARTE was employed by CROSSMARK as an hourly-paid Retail Representative in Florida from 2006 through 2009.

4. Plaintiff Jean Marie Brunozzi (BRUNOZZI) is a citizen of the State of New Jersey, who resides at 1841 Philip Street, Vineland, New Jersey.  BRUNOZZI was employed by CROSSMARK as an hourly-paid Retail Representative in New Jersey, Delaware, Pennsylvania, and Maryland from 1984 and is presently employed by defendant CROSSMARK.

5. Plaintiff Steven Colton (COLTON) is an individual citizen of the Commonwealth of Virginia, who resides at 2525 Marrow Drive, Newport News, VA.  COLTON was

2

employed by CROSSMARK as an hourly-paid Retail Representative in Virginia and North Carolina from 2008 through 2009.

6.    Plaintiff Brittany De La Vergne (DELAVERGNE) is an individual citizen of the State of Texas, who resides at 251 North Grafton Street, Dublin, Texas 76446.  DELAVERGNE was employed by CROSSMARK as an hourly-paid Retail Representative in Texas from 2005 through 2008.

7.    Plaintiff Al Gallion (GALLION ) is a citizen of the State of Maryland, who resides at 14306 Barkdoll Road, Smithsburg, Maryland.  GALLION was employed by CROSSMARK as an hourly-paid Retail Representative in Maryland, Virginia, and West Virginia from 2001 through 2008.

8.    Plaintiff Lisa Gomley (GOMLEY) is an individual citizen of the State of Idaho, who resides at 649 Amanita, Eagle, ID.  GOMLEY was employed by CROSSMARK as an hourly-paid Retail Representative in Idaho and Oregon from 2007 through 2009.

9.    Thomas Gonzales (GONZALES) is an individual citizen of the State of New Mexico, who resides 7427 Sandia Glow Ct. NE, Albuquerque, NM.  GONZALES was employed by CROSSMARK as an hourly-paid Retail Representative in New Mexico and Colorado from 2007 through 2008.

10.    Plaintiff Annelise Guillen (GUILLEN), is a resident of the State of California, who resides at 1836 East Coral Avenue, Apt # C, Orange, CA.  GUILLEN was employed by CROSSMARK as an hourly-paid Retail Representative in California from 2008 through 2009.

11.    Plaintiff Thomas Hemmer (HEMMER) is an individual citizen of the State of Ohio, who resides at 2655 Linden Avenue, Zanesville Ohio. HEMMER was employed by

3

CROSSMARK as an hourly-paid Retail Representative in Ohio, from 2004 through 2008.

12. Plaintiff Pamela Holmberg (HOLBERG), is an individual citizen of the State of Texas, who resides at 6426 Ridge Circle Drive, San Antonio, Texas.  HOLBERG was employed by CROSSMARK as an hourly-paid Retail Representative in Texas from 2006 through 2008.

13. Plaintiff Jennifer Hunt (HUNT) is an individual citizen of the State of California, who resides at 26225 Devon Way, Madera, California.  HUNT was employed by CROSSMARK as an hourly-paid Retail Representative in Nevada from 1994 through 2008.

14. Plaintiff Charles James (JAMES), is an individual citizen of the State of California, who resides at 1809 East 2nd Street, Long Beach, California.  JAMES was employed by CROSSMARK as an hourly-paid Retail Representative in California from 2006 through 2009.

15. Plaintiff Vickie McKenty [Gatliss] (MCKENTY) is an individual citizen of the State of Oklahoma, who resides at 703 Main Street, Geronimo, Oklahoma.  MCKENTY was employed by CROSSMARK as an hourly-paid Retail Representative in Texas and Oklahoma from 2004 through 2010.

16. Plaintiff Tamara Moore (MOORE) is a citizen of the State of Arizona, and resides at 6826 North 34th Avenue, Phoenix Arizona. MOORE was employed by CROSSMARK as an hourly-paid Retail Representative in Arizona during 2009.

17. Plaintiff Siobhan Morin (MORIN) is an individual citizen of the State of Connecticut, who resides at 7 Ivywood Place, Trumbull, Connecticut.  MORIN was employed by CROSSMARK as an hourly-paid Retail Representative in Connecticut from 2008 through

2009.

18.   Plaintiff Donna Nix (NIX) is an individual citizen of the State of Illinois, who resides at 3404 Willow Land, Markham, IL.  NIX was employed by CROSSMARK as an hourly-paid Retail Representative in Illinois from 2008 through 2010.

19.   Plaintiff James Postiglione (POSTIGLIONE) is a citizen of the Commonwealth of Pennsylvania, who resides at 2745 South 17th Street, Philadelphia, PA.  POSTIGLIONE was employed by CROSSMARK as an hourly-paid Retail Representative in Pennsylvania from 1999 through 2008.

20.   Plaintiff Patti Rawson (RAWSON), is an individual citizen of the State of Texas, who resides at 7609 Noreast Drive, Ft. Worth, TX.  RAWSON was employed by CROSSMARK as an hourly-paid Retail Representative in Texas during 2009.

21.   Plaintiff Maria Matilde Reyes (REYES) is a citizen of the State of New Jersey who resides at 72 B West 23rd Street, Apt. 1, Bayonne, NJ.  REYES was employed by CROSSMARK as an hourly-paid Retail Representative in New Jersey from 2006 through 2007.

22.   Plaintiff Teresa Risley (RISLEY) is a citizen of the State of Texas, who resides at 11789 CPL A.J. Carson Street, El Paso, Texas.  RISLEY was employed by CROSSMARK as an hourly-paid Retail Representative in Illinois, Tennessee, and Kentucky from 2006 through 2010.

23.   Plaintiff Elizabeth Robinson [Hise] (ROBINSON) is an individual citizen of the State of Oklahoma, who resides at 1017 N.W. 8th St.,  Moore, Oklahoma.  ROBINSON was employed by CROSSMARK as an hourly-paid Retail Representative in Oklahoma from 2008 through 2009.

5

24.   Plaintiff Brian Salter (SALTER), is an individual citizen of the State of Oklahoma, who resides at 922 S.W. 98th Street, Oklahoma City, Oklahoma.  SALTER was employed by CROSSMARK as an hourly-paid Retail Representative from 2007 through 2008.

25.   Plaintiff Linda Schruefer (SCHRUEFER), is an individual and citizen of the Commonwealth of Pennsylvania, who resides at 200 Creamery Avenue, Delta, Pennsylvania was employed by CROSSMARK as an hourly-paid Retail Representative in of Pennsylvania, Delaware, and Maryland from 2001 through 2009.

26.   Plaintiff James Simmonds (SIMMONDS), is an individual citizen of the State of Wisconsin, who resides at 10 Kings Mill Circle, #107, Madison, Wisconsin. SIMMONDS was employed by CROSSMARK as an hourly-paid Retail Representative in Wisconsin from 2007 through 2008.

27.   Plaintiff Jerry Smith (SMITH) is a citizen of the State of Texas, who resides at 424 Dartmoor Drive, Celina, Texas.  SMITH was employed by CROSSMARK as an hourly-paid Retail Representative in Texas from 2007 through 2008.

28.   Plaintiff Sue Sporer (SPORER), is an individual citizen of the State of Georgia, whose mailing address is P.O. Box 2507, Acworth, Georgia.  SPORER was employed by CROSSMARK as an hourly-paid Retail Representative in Georgia from 2007 through 2009.

29.   Plaintiff Debra Stearns (STEARNS) is an individual citizen of the State of Connecticut who resides at 29 Pleasant Street, Wallingford, Connecticut.  STEARNS was employed by CROSSMARK as an hourly-paid Retail Representative in Connecticut from 2009 through 2010.

30.   Plaintiff Tammy Truex (TRUEX),is an individual citizen of the State of Arizona, who

6

resides at 938 East Harry, Tempe, Arizona.  TRUEX was employed by CROSSMARK as an hourly-paid Retail Representative in Arizona, from 2007 through 2009.

31.   Plaintiff Sherri White (WHITE), is an individual citizen of the State of Tennessee, who resides at 917 Roland Street, Memphis, Tennessee.  WHITE was employed by CROSSMARK as an hourly-paid Retail Representative in Tennessee, Arkansas, Mississippi, and Missouri, from 2004 through 2009.

32.   Plaintiffs are or were employed by Defendant as hourly-paid retail representatives or data collectors who have suffered damages and injuries, and continue to suffer same, as a result of Defendant's violations of the FLSA.

33.   The class members, as more fully set forth below, include all employees who Defendant employed as retail representatives, those who continue to be employed, or may become employed by Defendant as retail representatives or data collectors or any equivalent positions, and data collectors or the equivalent, who have been, continue to be, or may in the future be, adversely affected by Defendant's violations of the FLSA.

## THE PARTIES - DEFENDANT

34.   Defendant CROSSMARK is engaged in the business of providing in-store marketing and retail merchandising services to a variety of consumer products companies including, but not limited to, Frito-Lay, General Mills, Fuji Film, Johnson & Johnson and Kraft Foods. Defendant serves its clients in the consumer packaged goods industry by placing their products into stores and removing their products from stores. The Defendant supports its customers with planning promotional events, in-store merchandising, and supply chain optimization services for supermarkets, convenience stores, and drug stores, along with other specialty trade channels.

35. Defendant CROSSMARK maintains offices throughout the United States, one of which is located at 350 Eagleview Boulevard #130, Exton, PA 19341-1178. Defendant's principal place of business at 5100 Legacy Drive, Plano, Texas 75024.

## JURISDICTION AND VENUE

36. This action is brought pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically the collective action provision of the Act found at § 216(b), to remedy violations of the FLSA by Defendant which deprived Plaintiffs, as well as those similarly situated to the named Plaintiffs, of their lawful wages. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

37. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is duly licensed to do business in the Commonwealth of Pennsylvania, and actively conducts business in Chester County, Pennsylvania. Some of the acts or omissions by Defendant giving rise to the instant Complaint took place in Chester County, Pennsylvania.

## GENERAL ALLEGATIONS

38. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 37 as if set forth at length herein.

39. At all times material to this action, the named Plaintiffs were all "employees" of Defendant as defined by § 203 of the FLSA, and worked for Defendant in the United States within three years preceding the filing of the instant complaint.

40. The wage and overtime provisions of the FLSA, as set forth in §§ 206 and 207 of the Act respectively, apply to Defendant, and Plaintiffs, as well as all those similarly situated, were covered by §§ 206 and 207 of the Act while employed on an hourly basis by Defendant.

8

41. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(f)(1) of the FLSA, and, based on knowledge, information, and belief, had annual gross sales which greatly exceeded $500,000.

42. At all times material to this action, the named representative Plaintiffs, as well as those similarly situated, were engaged in commerce.

43. Each of the named Plaintiffs herein worked hours while employed by Defendant for which they either received no compensation and/or for which they were improperly paid at rates less than one and one-half times their normal hourly rates.

44. Defendant's actions, as set forth more fully below, in failing to compensate the named representative Plaintiffs, as well as those similarly situated, in accordance with the FLSA, were willful.

45. As set forth more fully below, Defendant CROSSMARK engaged in a company-wide, widespread pattern and practice of FLSA violations and intentional schemes designed to undermine and avoid the wage and overtime provisions of the FLSA.

46. More particularly, at all relevant times hereto, Plaintiffs and those similarly situated to Plaintiffs were employed by Defendant as Retail Representatives or data collectors.

47. Plaintiffs, and those similarly situated to Plaintiffs, were paid an hourly wage by Defendant.

48. Defendant failed to meet the requirements of 29 U.S.C. §§ 201 *et seq.*, by instituting polices that deprived Plaintiffs, and those similarly situated to Plaintiffs, of their lawful wages, including among others, the following:

   a)    intentionally failing to compensate Plaintiffs, and those similarly situated to

9

Plaintiffs, for work Defendant required, suffered, and/or permitted them to perform; and

b)      requiring, suffering, and/or permitting Plaintiffs, and those similarly situated to Plaintiffs, to perform unrecorded work in excess of the standard work day and work week for which Defendant provided no compensation;

49.   The named representative Plaintiffs, as well as all others similarly situated, were subject to the policies, conduct, and practices of Defendant as set forth above.

50.   Pursuant to Defendant's policies and practices, including those detailed in paragraphs 48 through 49 above, Defendant failed to pay Plaintiffs, and those similarly situated to Plaintiffs, wages for all hours actually worked and/or the required premium pay of one-and-one-half times the regular rate of pay for all hours worked in excess of 40 per week.

51.   Defendant has thereby violated the provisions of the FLSA, resulting in damages to Plaintiffs, and those similarly situated to Plaintiffs, in the form of unpaid wages, incurred and incurring costs, and reasonable attorneys' fees.

52.   As a result of wage and overtime pay violations of the FLSA, the named representative Plaintiffs, as well as those similarly situated to Plaintiffs, have suffered damages by failing to receive their lawful wages during their tenure of employment with Defendant. In addition to payment of unpaid wages, the named representative Plaintiffs, and those similarly situated to Plaintiffs, are entitled to an additional amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and/or prejudgment interest.

53.   The named representative Plaintiffs and those similarly situated to Plaintiffs are also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

54.   Defendant's actions in failing to compensate the named Plaintiffs, and those similarly

situated to Plaintiffs in accordance with the provisions of the FLSA were not in good faith.

55. Pursuant to 29 U.S.C § 216(b), attached to and filed with the instant Complaint as EXHIBIT A, are Consent to Become Party-Plaintiff forms signed by each of the named Plaintiffs.

56. Plaintiffs, whose consent forms are attached, collectively have performed worked for CROSSMARK, in 28 different states.  See EXHIBIT B.

57. There are numerous other similarly situated employees and former employees of Defendant who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Specifically, all employees and former employees of Defendant who have been employed by Defendant as hourly-paid retail representatives should receive notice and the opportunity to join the present lawsuit. WHEREFORE, the named representative Plaintiffs, individually, and on behalf of all other similarly situated persons, pursuant to 29 U.S.C. § 216(b), pray for the following relief:

a.      that process issue against Defendant and that Defendant be required to answer within the time period provided by applicable law;

b.      that the Court Conditionally Certify the Class based upon the Complaint and the geographic diversity of Plaintiffs;

c.      that the Court issue notice to all similarly situated persons;

d.      that other similarly situated employees, past or present, be given the opportunity to join the instant lawsuit as party-plaintiffs by filing written consents pursuant to

11

29 U.S.C. § 216(b);that Plaintiffs, and all others who file consents, be awarded

damages in the amount of their unpaid wages, and an additional amount as

liquidated damages pursuant to 29 U.S.C. § 216(b) and/or prejudgment interest;

e.     that Defendant be required to pay Plaintiffs' attorneys' fees;

f.     that Defendant be required to pay the costs and expenses of this action; and

g.     that Plaintiffs be granted such other further relief to which they show themselves

entitled.

Respectfully submitted,

Dated: February 9, 2011            Ralph A. Powell, Esquire
RALPH A. POWELL ESQUIRE, PC.
1900 Knight Circle
Yardley, PA  19067
215-439-7781

PAUL, REICH, & MYERS, PC
Attorneys for Plaintiffs':

By:    Richard P. Myers, Esquire
PAUL, REICH & MYERS, PC
A Member of the Firm
Suite 500 1608 Walnut Street,
Philadelphia, PA  19103
215 735 9200

12

# EXHIBIT A

# CONSENT TO BECOME A PARTY-PLAINTIFF

# IN A COLLECTIVE ACTION FORMS

## CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other

Defendants who qualify as employers under the Fair Labor Standards Act for any violations of

the Fair Labor Standards Act during the time I was employed by the Defendant or any other

Parent or subsidiary company.  If it is ruled that there is "co" or "joint" employment among or

between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found

to also be responsible or liable for my damages.

Signed: _____

Jose Aybar

Name:  (Printed)

Date: __12 - 20 - 10_____

7

## CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any

other Defendants who qualify as employers under the Fair Labor Standards Act for any

violations of the Fair Labor Standards Act during the time I was employed by the

Defendant or any other Parent or subsidiary company.  If it is ruled that there is "co" or

"joint" employment among or between Crossmark, Inc. and any other company or entity,

I consent to sue any defendant found to also be responsible or liable for my damages.


Signed:



Name: (Printed)



Date:

## CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other Defendants who qualify as employers under the Fair Labor Standards Act for any violations of the Fair Labor Standards Act during the time I was employed by the Defendant or any other Parent or subsidiary company. If it is ruled that there is "co" or "joint" employment among or between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found to also be responsible or liable for my damages.

Signed: *Mr. Errick Bonaparte*

*ErricK BonapanE*

Name: (Printed)

Date: 2/8/11

7

## CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other Defendants who qualify as employers under the Fair Labor Standards Act for any violations of the Fair Labor Standards Act during the time I was employed by the Defendant or any other Parent or subsidiary company. If it is ruled that there is "co" or "joint" employment among or between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found to also be responsible or liable for my damages.

Signed: _____

STEVEN COLTON

Name: (Printed)

Date: _12-20-2010_____

8

## CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other Defendants who qualify as employers under the Fair Labor Standards Act for any violations of the Fair Labor Standards Act during the time I was employed by the Defendant or any other Parent or subsidiary company.  If it is ruled that there is "co" or "joint" employment among or between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found to also be responsible or liable for my damages.

Signed: *Jeanne Marie Brunozzi*

*Jeanne Marie Brunozzi*

Name:  (Printed)

Date: *Jan. 20th, 2011*

7

## CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other Defendants who qualify as employers under the Fair Labor Standards Act for any violations of the Fair Labor Standards Act during the time I was employed by the Defendant or any other Parent or subsidiary company.  If it is ruled that there is "co" or "joint" employment among or between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found to also be responsible or liable for my damages.

Signed: _Brittany A DelaVergne_

Name: (Printed) _Brittany A. DelaVergne_

Date: _12/20/2010_

## CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other

Defendants who qualify as employers under the Fair Labor Standards Act for any violations of

the Fair Labor Standards Act during the time I was employed by the Defendant or any other

Parent or subsidiary company.  If it is ruled that there is "co" or "joint" employment among or

between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found

to also be responsible or liable for my damages.


Signed: _George A. Gallion III_____

_George A. Gallion III_____

Name:  (Printed)

Date:  _1/27/11_____

8

## **CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:**

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other Defendants who qualify as employers under the Fair Labor Standards Act for any violations of the Fair Labor Standards Act during the time I was employed by the Defendant or any other Parent or subsidiary company.  If it is ruled that there is "co" or "joint" employment among or between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found to also be responsible or liable for my damages.

Signed: _Lisa Gomley_____

_Lisa Gomley_____
Name:  (Printed)

Date:  _1/26/2011_____

7

## CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other Defendants who qualify as employers under the Fair Labor Standards Act for any violations of the Fair Labor Standards Act during the time I was employed by the Defendant or any other Parent or subsidiary company.  If it is ruled that there is "co" or "joint" employment among or between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found to also be responsible or liable for my damages.

Thomas E. Gonzales

Signed: _____

Thomas E. Gonzales

_____

Name:  (Printed)

1/22/2011

Date: _____

## CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other Defendants who qualify as employers under the Fair Labor Standards Act for any violations of the Fair Labor Standards Act during the time I was employed by the Defendant or any other Parent or subsidiary company.  If it is ruled that there is "co" or "joint" employment among or between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found to also be responsible or liable for my damages.

Signed: _____

Name:  (Printed)

Date: _____

7

## CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other Defendants who qualify as employers under the Fair Labor Standards Act for any violations of the Fair Labor Standards Act during the time I was employed by the Defendant or any other Parent or subsidiary company.  If it is ruled that there is "co" or "joint" employment among or between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found to also be responsible or liable for my damages.

Signed: *Thomas K. Henner*

Thomas K. Henner

Name:  (Printed)

Date:  12/27/2010

7

## CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other Defendants who qualify as employers under the Fair Labor Standards Act for any violations of the Fair Labor Standards Act during the time I was employed by the Defendant or any other Parent or subsidiary company.  If it is ruled that there is "co" or "joint" employment among or between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found to also be responsible or liable for my damages.

Signed *Pamela Holmberg*

*PAMELA HOLMBERG*

Name:  (Printed)


Date:  ___12/19/2010_____

## CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other Defendants who qualify as employers under the Fair Labor Standards Act for any violations of the Fair Labor Standards Act during the time I was employed by the Defendant or any other Parent or subsidiary company.  If it is ruled that there is "co" or "joint" employment among or between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found to also be responsible or liable for my damages.

Signed:  Jennifer Hunt

Jennifer Hunt

Name:  (Printed)

Date:

12/21/10     12/21/10

## CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other Defendants who qualify as employers under the Fair Labor Standards Act for any violations of the Fair Labor Standards Act during the time I was employed by the Defendant or any other Parent or subsidiary company. If it is ruled that there is "co" or "joint" employment among or between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found to also be responsible or liable for my damages.

Signed: _Vickie McKenty_

Vickie Lynn McKenty

Name: (Printed)

Date: _2-5-2011_

8

EMAIL ADDRESS(ES)

# CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other Defendants who qualify as employers under the Fair Labor Standards Act for any violations of the Fair Labor Standards Act during the time I was employed by the Defendant or any other Parent or subsidiary company. If it is ruled that there is "co" or "joint" employment among or between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found to also be responsible or liable for my damages.

Signed: *Tamara Moore*

*Tamara Moore*

Name: (Printed)

Date: 1-20-11

1/21/2011 2:13 PM

## CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other Defendants who qualify as employers under the Fair Labor Standards Act for any violations of the Fair Labor Standards Act during the time I was employed by the Defendant or any other Parent or subsidiary company.  If it is ruled that there is "co" or "joint" employment among or between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found to also be responsible or liable for my damages.

Signed: _____

CHARLES JAMES

Name:  (Printed)

Date:  01/29/2011

8

## CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other Defendants who qualify as employers under the Fair Labor Standards Act for any violations of the Fair Labor Standards Act during the time I was employed by the Defendant or any other Parent or subsidiary company. If it is ruled that there is "co" or "joint" employment among or between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found to also be responsible or liable for my damages.


Signed: _____

_____Siobhan Morin_____

Name: (Printed)


Date: _____1/21/2011_____

7

## **CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:**

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other

Defendants who qualify as employers under the Fair Labor Standards Act for any violations of

the Fair Labor Standards Act during the time I was employed by the Defendant or any other

Parent or subsidiary company.  If it is ruled that there is "co" or "joint" employment among or

between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found

to also be responsible or liable for my damages.

Signed: _____

Donna M Nix
_____

Name:  (Printed)

Date: 12/27/2010
_____

7

## CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other Defendants who qualify as employers under the Fair Labor Standards Act for any violations of the Fair Labor Standards Act during the time I was employed by the Defendant or any other Parent or subsidiary company.  If it is ruled that there is "co" or "joint" employment among or between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found to also be responsible or liable for my damages.

Signed: *James M Postiglione*

JAMES G. POSTIGLIONE

Name:  (Printed)

Date: 2/5/11

## CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other Defendants who qualify as employers under the Fair Labor Standards Act for any violations of the Fair Labor Standards Act during the time I was employed by the Defendant or any other Parent or subsidiary company.  If it is ruled that there is "co" or "joint" employment among or between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found to also be responsible or liable for my damages.

Signed: _Patti Rawson_

_Patti Rawson_

Name:  (Printed)

Date: _12-24-10_

## CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other Defendants who qualify as employers under the Fair Labor Standards Act for any violations of the Fair Labor Standards Act during the time I was employed by the Defendant or any other Parent or subsidiary company.  If it is ruled that there is "co" or "joint" employment among or between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found to also be responsible or liable for my damages.

Signed: _Patti Rawson_

_Patti Rawson_

Name:  (Printed)

Date: _12-24-10_

7

# CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other Defendants who qualify as employers under the Fair Labor Standards Act for any violations of the Fair Labor Standards Act during the time I was employed by the Defendant or any other Parent or subsidiary company. If it is ruled that there is "co" or "joint" employment among or between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found to also be responsible or liable for my damages.

Signed: *Maria Matilde R*

Maria Matilde Reyes

Name: (Printed)

Date: 12/23/2010

7

## CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other Defendants who qualify as employers under the Fair Labor Standards Act for any violations of the Fair Labor Standards Act during the time I was employed by the Defendant or any other Parent or subsidiary company.  If it is ruled that there is "co" or "joint" employment among or between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found to also be responsible or liable for my damages.

Signed:  Teresa Risley

Teresa Risley

Name:  (Printed)

Date:  02/02/2011

## <u>CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:</u>

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other Defendants who qualify as employers under the Fair Labor Standards Act for any violations of the Fair Labor Standards Act during the time I was employed by the Defendant or any other Parent or subsidiary company.  If it is ruled that there is "co" or "joint" employment among or between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found to also be responsible or liable for my damages.

Signed: _Elizabeth Hise_

_ELizabeth Hise_

Name:  (Printed)

Date: _12/21/10_

7

## CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other Defendants who qualify as employers under the Fair Labor Standards Act for any violations of the Fair Labor Standards Act during the time I was employed by the Defendant or any other Parent or subsidiary company. If it is ruled that there is "co" or "joint" employment among or between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found to also be responsible or liable for my damages.

Signed: _____

Brian C. Salter

Name: (Printed)

Date: 1-30-11

7

## <u>CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:</u>

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other Defendants who qualify as employers under the Fair Labor Standards Act for any violations of the Fair Labor Standards Act during the time I was employed by the Defendant or any other Parent or subsidiary company. If it is ruled that there is "co" or "joint" employment among or between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found to also be responsible or liable for my damages.

Signed: Linda S. Schruefer

Linda S. Schruefer

Name: (Printed)

Date: January 20, 2011

## CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other Defendants who qualify as employers under the Fair Labor Standards Act for any violations of the Fair Labor Standards Act during the time I was employed by the Defendant or any other Parent or subsidiary company.  If it is ruled that there is "co" or "joint" employment among or between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found to also be responsible or liable for my damages.

Signed: _____

James P. Simmonds_____

Name:  (Printed)

Date:  December 10, 2010_____

## CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other Defendants who qualify as employers under the Fair Labor Standards Act for any violations of the Fair Labor Standards Act during the time I was employed by the Defendant or any other Parent or subsidiary company. If it is ruled that there is "co" or "joint" employment among or between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found to also be responsible or liable for my damages.

Signed: _Debra Stearns_

Name: Debra Stearns
     (Printed)

Date: 01/22/2011

8

## CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other Defendants who qualify as employers under the Fair Labor Standards Act for any violations of the Fair Labor Standards Act during the time I was employed by the Defendant or any other Parent or subsidiary company.  If it is ruled that there is "co" or "joint" employment among or between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found to also be responsible or liable for my damages.

Signed: _____

_____
Jerry L. Smith

Name:  (Printed)

Date:  ___1/20/2011_____

7

## CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other Defendants who qualify as employers under the Fair Labor Standards Act for any violations of the Fair Labor Standards Act during the time I was employed by the Defendant or any other Parent or subsidiary company.  If it is ruled that there is "co" or "joint" employment among or between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found to also be responsible or liable for my damages.

Signed: _Susan Sparer_

_Susan Sparer_

Name:  (Printed)

Date:  _1-21-11_

CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:


Former Crossmark Employees v. Crossmark, Inc.


 By my signature below, I consent to sue the above referenced Defendant and any other
Defendants who qualify as employers under the Fair Labor Standards Act for any violations of
the Fair Labor Standards Act during the time I was employed by the Defendant or any other
Parent or subsidiary company. If it is ruled that there is "co" or "joint" employment among or
between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found
to also be responsible or liable for my damages.



        *Tammy Truex*_____


_____

Name: (Printed)

Tammy Truex

Date: _____1/31/2011_____

## CONSENT TO BECOME A PARTY PLAINTIFF IN THE MATTER OF:

*Former Crossmark Employees v. Crossmark, Inc.*

By my signature below, I consent to sue the above referenced Defendant and any other Defendants who qualify as employers under the Fair Labor Standards Act for any violations of the Fair Labor Standards Act during the time I was employed by the Defendant or any other Parent or subsidiary company.  If it is ruled that there is "co" or "joint" employment among or between Crossmark, Inc. and any other company or entity, I consent to sue any defendant found to also be responsible or liable for my damages.

Signed: _____

Sherrie White
Name:  (Printed)

Date: 1/20/2011

# EXHIBIT B

# MAP OF UNITED STATES SHOWING STATES

# IN WHICH

# PLAINTIFFS WORKED FOR CROSSMARK

